UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GOLDEN FORTUNE IMPORT & EXPORT CORPORATION,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>MEI-XIN (HONG KONG) LIMITED and MAXIM'S CATERERS LIMITED,<br><br>　　　　　　　Defendants. | CASE NO. 2:22-CV-01369-JXN-JRA |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO FILE DOCUMENTS AND INFORMATION UNDER SEAL**

Sarah Fehm Stewart
Mauro M. Wolfe
Vincent J. Nolan III
1037 Raymond Boulevard, Suite 1800
Newark, NJ 07102
Telephone: 973-424-2061
Fax: 973-556-1464
Email: sfstewart@duanemorris.com

*Attorneys for Defendants Mei-Xin (Hong Kong) Limited and Maxim's Caterers Limited*

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................... 1

PROCEDURAL HISTORY AND FACTUAL BACKGROUND ................................................. 1

LEGAL ARGUMENT .................................................................................................................. 2

I.      Legal Standard Applicable to Motions to File Documents Under Seal .............................. 2

        A.      The Court Should Allow Defendants To File the Protected Documents Under Seal .................................................................................................... 3

        B.      Sealing These Documents Complies With Local Rule 5.3 .................................... 5

CONCLUSION ............................................................................................................................. 6

## **TABLE OF AUTHORITIES**

Page

**Federal Cases**

*In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662 (3d Cir. 2019) ...................................................................................................................................2

*Bracco Diagnostics, Inc. v. Amersham Health, Inc.*, No. 03–6025, 2007 WL 2085350 (D.N.J. July 18, 2007) ..............................................................................................4

*Faulman v. Sec. Mut. Fin.*, No. 04–5083, 2006 WL 1541059 (D.N.J. June 2, 2006) .............................................................................................................................................4

*In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653 (D.N.J. 2004) ..................................................2

*Goldenberg v. Indel, Inc.*, No. 90-5202, 2012 WL 15909 (D.N.J. Jan. 3, 2012) .............................4

*Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183 (3d Cir. 2001) ...................................2, 4

*Hershey Co. v. Promotion in Motion, Inc.*, No. 07-1601, 2010 WL 1812593 (D.N.J. May 4, 2010) ..........................................................................................................................4

*Mars, Inc. v. JCM Am. Corp.*, No. 05–3165, 2007 WL 496816 (D.N.J. Feb.13, 2007) .............................................................................................................................................4

*Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994) ................................................. 2-3

*Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059 (3d Cir. 1984) ..................................................2, 4

*Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653 (3d Cir. 1991) .............................................................................................................................................2

*Vista India, Inc. v. Raaga, LLC*, No. 07-cv- 1262, 2008 WL 834399 (D.N.J. Mar. 27, 2008) .............................................................................................................................................2

*Zenith Radio Corp. v. Matushita Electric Industrial Co.*, 529 F. Supp. 866 (E.D.Pa.1981) ...................................................................................................................................3

**State Statutes**

New Jersey Franchise Practices Act ...............................................................................................1

**Rules**

Local Civil Rule 5.3 .....................................................................................................................1, 3

## PRELIMINARY STATEMENT

Defendants Mei-Xin (Hong Kong) Limited and Maxim's Caterers Limited (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion to file certain documents and information under seal. By way of this motion, Defendants largely join in and incorporate the motion to seal already filed by Plaintiff Golden Fortune Import & Export Corporation ("Plaintiff" or "Golden Fortune"), and generally agree that sales figures, financial information and email addresses should be filed under seal.

The parties' agreement, its terms, and sensitive related documents and information should also be filed under seal. Notably, Section 10 of that agreement contains a broad confidentiality provision that covers not only the written agreement between the parties, but also "any and all written and/or oral information of any kind relating to its terms[.]"

Accordingly, the agreement between the parties and its terms, as well as sales figures, financial information and email addresses (collectively, the "Protected Documents") should be filed under seal.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On March 14, 2022, Plaintiff filed a Verified Complaint against Defendants asserting causes of action for (i) violations of the New Jersey Franchise Practices Act (Count One); (ii) declaratory judgment and injunction (Count Two); (iii) breach of the covenants of good faith and fair dealing (Count Three); and (iv) tortious interference (Count Four). (ECF No. 1). Also on March 14, 2022, Plaintiff filed an Order to Show Cause seeking a preliminary injunction enjoining Defendants from terminating the parties' agreement. (ECF No. 3). On the same date, Plaintiff filed a Motion Seal pursuant to Local Civil Rule 5.3. (ECF No. 4).

On March 16, 2022, this Court issued an Order to Show Cause for a Preliminary Injunction, containing a briefing schedule and scheduled a show cause hearing for March 25, 2022. (ECF No. 7). Defendants' opposition brief is due today, March 21, 2022. (ECF No. 7).

## LEGAL ARGUMENT

**I.      Legal Standard Applicable to Motions to File Documents Under Seal**

At common law, there has long been a public right to access judicial proceedings and records. *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988)). Courts in this Circuit, however, have recognized that the presumption of public access is not absolute and may be rebutted. *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991).

The party seeking to overcome the presumption of access must show "'that the interest in secrecy outweighs the presumption.'" *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Bank of Am. Nat'l Tr. & Say. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)). To do so, the movant must demonstrate "'that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Id.* (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994).

The sealing of confidential documents and information is an accepted practice in the District of New Jersey. *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 653 (D.N.J. 2004). And, pursuant to the governing Local Civil Rule 5.3(c), materials may be filed and maintained under seal upon a showing of good cause. *See* L. CIV. R. 5.3(c); *Vista India, Inc. v. Raaga, LLC*, No. 07-cv-1262, 2008 WL 834399, at *3 (D.N.J. Mar. 27, 2008).

Good cause requires the moving party to show that the following factors weigh in favor of sealing the materials at issue: (1) the nature of the materials or proceedings at issue; (2) the legitimate private or public interest which warrants the relief sought; (3) the clearly defined and serious injury that would result if the relief sought is not granted; and (4) why a less restrictive alternative to the relief sought is not available. L. CIV. R. 5.3(c)(3). This Court has discretion in balancing the factors for and against access. *See Pansy*, 23 F.3d at 781.

In determining whether to grant a motion to file documents under seal, courts consider the whether: (1) the information to be protected includes genuinely confidential information such as proprietary materials, or information that could give unfair advantage to a competitor; (2) the documents were produced under the auspices of an existing confidentiality order upon which the parties relied; (3) the materials are not subject to freedom of information laws or statutes requiring disclosure of public documents; and (4) the party to benefit from the order is a private entity, not a public official seeking protection from "legitimate public scrutiny." *Pansy*, 23 F.3d at 788-91.

A.   **The Court Should Allow Defendants To File the Protected Documents Under Seal**

The Protected Documents Defendants seek to file under seal generally consist of the parties' agreement, the agreement's terms, sales figures and other financial information, and email addresses. As explained in the Declaration of YU Yuet Fun Alice, the public filing of such Protected Documents would be detrimental.

First, release of the agreement or its terms would be detrimental in that it may place Defendants at a disadvantage to competitors who may seek to match the terms of the agreement or provide more generous offerings. Similarly, the release of the agreement or its terms may compromise Defendants' relationships with its other distributors, who could potentially demand new or additional contract terms. *See Zenith Radio Corp. v. Matushita Electric Industrial*

3

*Co.*, 529 F. Supp. 866, 890 (E.D.Pa. 1981) ("it is clear that a court may issue a protective order restricting disclosure of discovery materials to protect a party from being put at a competitive disadvantage"); *Hershey Co. v. Promotion in Motion, Inc.*, No. 07-1601, 2010 WL 1812593 at *3 (D.N.J. May 4, 2010); *Mars, Inc. v. JCM Am. Corp.*, No. 05-3165, 2007 WL 496816 at *2 (D.N.J. Feb.13, 2007); *Faulman v. Sec. Mut. Fin.*, No. 04-5083, 2006 WL 1541059, at *1 (D.N.J. June 2, 2006); *Bracco Diagnostics, Inc. v. Amersham Health, Inc.*, No. 03-6025, 2007 WL 2085350 at *8 (D.N.J. July 18, 2007).

    Second, release of sales figures and other financial information may place Defendants at a disadvantage to competitors who may seek to undercut pricing. Moreover, the disclosure of these sales figures and other financial information may damage Defendants' relationships with other parties, who could potentially demand lower pricing. *See Goldenberg v. Indel, Inc.*, No. 90-5202, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) (granting a motion to file documents under seal where the documents at issue contained "confidential business information including sensitive financial information, various brokerage agreements and personal email communication which would cause clear and serious injury to the [] Defendants['] competitive position in the marketplace"); *see also Publicker*, 733 F.2d at 1074 (recognizing that courts have traditionally protected sensitive financial information such as trade secrets from public disclosure).

    Third, release of certain email addresses may give rise to spoofing, phishing and other malicious misuse. *See In re Cendant Corp.,* 260 F.3d 183, 194 (3d Cir. 2001) (emphasizing that public access to litigation documents should be denied when the use of such documents may become a "vehicle for improper purposes").

    As such, it is vital that the agreement and its terms, sales figures and other financial information, and email addresses be filed and maintained under seal.

4

### B. Sealing These Documents Complies With Local Rule 5.3

Local Rule 5.3 sets out a list of necessary factors for sealing documents in this district. Defendants have met these in requesting the Confidential Information be sealed. Specifically:

1. **the nature of the materials or proceedings at issue;**

At issue are sensitive documents containing private agreement terms, as well as private sales figures and the email addresses of corporate employees at the Defendants' corporations.

2. **the legitimate private or public interest which warrants the relief sought;**

The interest in sealing the Agreement and the sales figures is to protect Defendants' competitive ability in the market. The private interest in sealing the email addresses of employees is to protect their personal information and any potential maliciousness in the disclosure of these.

3. **the clearly defined and serious injury that would result if the relief sought is not granted;**

The harm to Defendants if the Agreement and the sales figures were made public would be the potential for competitors to undercut them in the market placing Defendants at a competitive disadvantage. The harm to Defendants if the email addresses of employees is released is the potential for spoofing, phishing or other malicious activity.

4. **why a less restrictive alternative to the relief sought is not available;**

There is no less restrictive alternative to sealing the Agreement and the sales figures because each term of the contract was specifically negotiated and any access to the sales figures would give competitors a glimpse into proprietary pricing information. There is no less restrictive method to hiding employees' email addresses as these appear in numerous documents necessary for this case and there is no way to attach these documents without including the email addresses of private employees.

    **5.**    **any prior order sealing the same materials in the pending action; and**

There are currently no prior orders sealing the same material; however, this Court has set Plaintiffs' Motion for April 18, 2022.

    **6.**    **the identity of any party or nonparty known to be objecting to the sealing request.**

At present there is no known party objecting to this request.

## CONCLUSION

For the reasons set forth above, Defendants Mei-Xin (Hong Kong) Limited and Maxim's Caterers Limited respectfully request that this Court allow them to file the above-cited documents and information under seal pursuant to District of New Jersey Local Civil Rule 5.3(c)(2), and grant such other and further relief that it deems just and proper.

Dated: March 21, 2022

                                                         DUANE MORRIS LLP

                                               By:      /s/ Sarah Fehm Stewart
                                                           Sarah Fehm Stewart
                                                           Mauro M. Wolfe
                                                           Vincent J. Nolan III
                                                           1037 Raymond Boulevard, Suite 1800
                                                           Newark, NJ 07102
                                                           Telephone: 973-424-2061
                                                           Fax: 973-556-1464
                                                          Email: sfstewart@duanemorris.com

                                                          *Attorneys for Defendants Mei-Xin (Hong Kong) Limited and Maxim's Caterers Limited*